UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:23-CR-00036 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER JEAN-MARIE | ) | MARCH 6, 2023 |

### ORDER FOR SUMMARY REMAND

Kari A. Dooley, United States District Judge:

Christopher Jean-Marie ("Jean-Marie"), a defendant in a pending criminal case in the Connecticut Superior Court, filed a notice of removal seeking to remove his prosecution to federal court. *See* Not. of Rem., ECF No. 1. Jean-Marie asserts that the State of Connecticut has violated his constitutional rights but provides no statutory basis for the removal. Because the removal is both untimely and without adequate grounds, pursuant to 28 U.S.C. § 1455(b)(4), summary remand is mandated.

**Legal Standard**

Federal law permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "[A] removal petition under 28 U.S.C. s 1443(1) must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Id.* (quotation marks omitted). "This provision normally requires that the 'denial be manifest in a

formal expression of state law,' . . . such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id*. (quoting *Rachel*, 384 U.S. at 799, 803).[1]

"In order to properly remove a criminal case, a defendant must file a notice of removal 'signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.'" *Connecticut v. Hull*, No. 3:17-R-00001 (VLB), 2018 WL 460977, at *2 (D. Conn. Jan. 17, 2018) (quoting 28 U.S.C. § 1455(a)). The notice of removal must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). The district court must "examine the notice promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*. § 1455(b)(4).

**Discussion**

Jean-Marie seeks to remove to this Court the criminal case bearing docket number S01S-CR19-0240739S in the Superior Court for the Judicial District of Stamford. *See* Not. of Rem. According to the Superior Court docket, Jean-Marie was arraigned on October 31, 2019 on one count of a criminal violation of a restraining order and one count of harassment in the second

---

[1] The statute also provides for removal of a criminal prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has held that the first phrase of subsection (2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," while the second phrase applies only to state officers. *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966). These provisions are therefore not available to Jean-Marie.

degree.[2] As noted, the removal statute requires that the notice of removal "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, *whichever is earlier*." 28 U.S.C. § .1455(b)(1) (emphasis added). Jean-Marie's notice of removal is therefore untimely, and the Court sees no basis upon which to permit the removal at this late juncture. *See, e.g., Connecticut v. Marshall*, No. 3:15-R-0002 (JCH), 2015 WL 4723015, at *2 (D. Conn. Aug. 10, 2015) (finding notice of removal untimely where it was filed more than 30 days after the criminal defendant's arraignment but before he had gone to trial in the Superior Court).

Even if timely filed, however, the grounds cited for removal in the notice do not fall within the narrow ambit of Section 1443(1). Jean-Marie alleges that the State has violated his Sixth Amendment right to a speed and public trial. He also alleges that he has experienced malicious prosecution and has been incarcerated on excessive bond.[3]

"Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" do not satisfy the first step of the showing required under Section 1443(1). *Johnson*, 421 U.S. at 219. Jean-Marie's "broad contention[] under the Sixth Amendment" does not satisfy the first step of the showing required under Section 1443(1). *Marshall*, 2015 WL 4723015, at *2; *see also Hull*, 2018 WL 460977, at *2 ("Removal has…been found substantively defective where a notice of removal did not reference any civil rights law providing for racial equality and petitioner generally alleges Fifth and Sixth Amendment violations.").

---

[2] This Court can take judicial notice of the Superior Court docket in assessing the facial propriety of Jean-Marie's notice of removal. *See Hull*, 2018 WL 460977, at *1 n.1.

[3] The documents attached to the Notice of Removal reveal that Plaintiff is not currently held on bond.

**Conclusion**

For the foregoing reasons, the Court concludes that this matter was not properly or timely removed. The Clerk of the Court is directed to immediately REMAND this case to the Superior Court for the Judicial District of Stamford pursuant to 28 U.S.C. 1455(b)(4).

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of March 2023.

*/s/ Kari A. Dooley*  _____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE
